SAUL SCHWARTZ, Plaintiff, *v.* LAURA KLEIN et al., Individually and as Copartners Doing Business under the Name of PRICE & FORSMITH et al., Defendants.

Supreme Court, Special Term, Kings County, February 10, 1947.

*Bogart & Lonergan* for Sylvia Schwartz, intervener, defendant.

*Morris Horowitz* for plaintiff.

F. E. JOHNSON, J. Plaintiff sues his wife's parents, and others, alleging a partnership; the parents pleaded facts showing that he was the agent for their daughter, his wife, saying in effect that he was not the real party in interest. On his motion these allegations were struck out; he denied that his wife has any legal or equitable interest in his share of the partnership. She now moves to be joined as defendant so she may have her claim thereto sustained. In the present state of the pleadings plaintiff cannot be made to account to her, and in view of his apparent lack of financial responsibility her alleged rights may be lost if she does not sue separately or intervene. In such equity actions the alleged real party in interest ought to be joined, even though not within subdivision 1 of section 193-b of the Civil Practice Act; subdivision 2 thereof seems

grounds for allowing intervention; cases decided before chapter 971 of the Laws of 1946 are not necessarily controlling. Mr. Tripp, in his admirable "Guide to Motion Practice" (1946) noted the 1946 amendment (p. 60) but evidently saw no reason to modify his conclusions as to the limits of the remedy; chapter X, read as a whole, warrants the opinion that "the real party in interest" need not rely only on sections 193–194, inclusive; his comment (p. 64) on subdivision 4 of section 193-a indicates the belief that it is broad enough to cover a case like this (see also cited cases). It is true that plaintiff will be greatly impeded by the injection of this new claim, etc., but he is the author of that situation, because he prevented her defendant parents from litigating it. Settle order on notice.